IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

LISA LEA and LISA SADDLER,   )
                              )
            Plaintiffs,       )
                              )
v.                            )
                              )    Case No. 3:01 CV345-MCK
WAFFLE HOUSE, INC., WAFFLE    )
HOUSE HOLDING COMPANY, INC.,  )
and HILLCREST FOODS, INC.,    )
                              )
            Defendants.       )
                              )

## NOTICE OF REMOVAL

Defendant, HILLCREST FOODS, INC. ("Hillcrest"), pursuant to 28 U.S.C. §§1441 and 1446, hereby files its Notice of Removal of the above action <u>Lisa Lea and Lisa Saddler v. Waffle House, Inc., Waffle House Holding Company, Inc. and Hillcrest Foods Inc.</u>, Cause No. 01 CVS 9432, from the General Court of Justice, Superior Court Division, County of Mecklenburg, North Carolina, to the United States District Court for the Western District of North Carolina, Charlotte Division, and in support of this notice states that:

1. This is an action for alleged discrimination purportedly in violation of 42 U.S.C. §1981 ("§1981") and 42 U.S.C. §2000a ("Title II"). Additionally, plaintiffs attempt to assert a state law claim of unfair or deceptive act or practice in violation of N.C.G.S. §75-1.1 and a state law claim of interference with civil rights under N.C.G.S. §99D-1. Every one of plaintiffs' purported claims is asserted against each and every defendant. The action was commenced by plaintiffs in the General Court of Justice, Superior Court Division, County of

Mecklenburg, North Carolina, on or about May 14, 2001. Defendant Hillcrest first received notice of the action through service of process on its registered agent on May 22, 2001.

2. This Court has subject matter jurisdiction over the §1981 and Title II claims pursuant to 28 U.S.C. §§1331 and 1343, in that plaintiffs' §1981 and Title II claims against defendants arise under the federal laws of the United States.

3. This Court has subject matter jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4. This action is removable to this Court at this time pursuant to 28 U.S.C. §§1441 and 1446. This notice has been filed within 30 days after the receipt by defendants Hillcrest, Waffle House, Inc., and Waffle House Holding Co. (a nominal defendant) of the summons and complaint.

5. Defendants Waffle House, Inc. and Waffle House Holding Co., Inc. (a nominal defendant), unanimously join in and consent to this removal petition.

6. Attached hereto as Exhibit A are copies of all process, pleadings and orders that have been served upon the defendant Hillcrest in this action up to the date of this notice. There are no other pleadings extant known to defendants at this time.

7. A true and correct copy of the Notice of Removal will be filed with the Clerk of the General Court of Justice, Superior Court Division, County of Mecklenburg, North Carolina, by causing a file-stamped copy of same to be delivered to said clerk on June __21__, 2001.

WHEREFORE, HILLCREST FOODS, INC., respectfully requests this Court to proceed with this action as if originally brought in this court.

This the \_\_\_\_21\_\_\_\_ day of June, 2001.

                                      Respectfully submitted,

                                      Andrew W. Lax
                                      State Bar No. 13014
                                      CREWS & KLEIN, P.C.
                                      4521 Sharon Road, Suite 150
                                      Post Office Box 221648
                                      Charlotte, North Carolina 28222-1648
                                      (704) 442-0660

                                      Kevin S. Simon
                                      BAKER & McKENZIE
                                      One Prudential Plaza
                                      130 East Randolph Drive
                                      Chicago, Illinois 60601
                                      (312) 861-8035
                                      *Attorneys for Hillcrest Foods, Inc.*

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that a copy of the foregoing **NOTICE OF REMOVAL** was served upon each of the parties or, when represented, upon their attorneys of record, by deposit of such copy enclosed in a postpaid envelope, in an official depository under the exclusive care and custody of the United States Postal Service, addressed as follows:

>James Ferguson, II, Esq.
>Sharon S. Dove, Esq.
>Ferguson, Stein, Wallas, Adkins, Gresham & Sumter, P.A.
>741 Kenilworth Avenue, Suite 300
>Charlotte, North Carolina 28204
>*Attorneys for Plaintiffs*

>Richard Gerakitis, Esq.
>Troutman Sanders, LLP
>600 Peachtree Street, NE Suite 5200
>Atlanta, Georgia 30308-2216
>*Attorneys for Defendants Waffle House, Inc., and Waffle House Holding Co., Inc.*

This the _21_ day of June, 2001.

_____
Andrew W. Lax

900434/26716

# CT System

Service of Process Transmittal Form
Raleigh, North Carolina

06/22/2001

Via Federal Express (2nd Day)

TO: Robert S O'Rear Chief Financial Officer
HILLCREST FOODS, INC.
50 Satellite Blvd.
Suite G
Suwanee, GA 30024

RE: **PROCESS SERVED IN NORTH CAROLINA**

FOR   HILLCREST FOODS, INC. Domestic State: Ga

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| 1. TITLE OF ACTION: | Lisa Lea and Lisa Saddler, Pltf vs Waffle House, Inc. et al, Including Hillcrest Foods, Inc. Dft |
| 2. DOCUMENT(S) SERVED: | Atty Letter, Summons, Complaint |
| 3. COURT: | Mecklenburg County Superior Court North Carolina<br>Case Number 01CVD9432 |
| 4. NATURE OF ACTION: | Discrimination |
| 5. ON WHOM PROCESS WAS SERVED: | CT Corporation System, Raleigh, North Carolina |
| 6. DATE AND HOUR OF SERVICE: | By Certified mail on 05/22/2001 with Postmarked Date 05/18/2001 |
| 7. APPEARANCE OR ANSWER DUE: | Within Thirty (30) Days |
| 8. ATTORNEY(S): | James E. Ferguson<br>741 Kenilworth Ave<br>Suite 300<br>Charlotte, NC 28204 |
| 9. REMARKS: | |

SIGNED   CT Corporation System
PER
ADDRESS   Ron M. Strickland /AS
225 Hillsborough Street
Raleigh, NC 27603
SOP WS 0003876311

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

**EXHIBIT A**

# FERGUSON STEIN

FERGUSON STEIN WALLAS ADKINS GRESHAM & SUMTER, P.A.
741 Kenilworth Ave. - Suite 300 • Charlotte, North Carolina 28204
Telephone: (704) 375-8461 • Facsimile: (704) 334-5654
Mailing Address: P.O. Box 36486 • Charlotte, NC 28236-6486
www.fergusonstein.com

CHARLOTTE:
James E. Ferguson, II
Jonathan Wallas
Karl Adkins*
John W. Gresham
Geraldine Sumter
Henderson Hill
C. Margaret Errington
S. Luke Largess
James E. (Jay) Ferguson, III
Carie Pauling
Sharon S. Dove
*Certified Mediator

IN CHAPEL HILL
Adam Stein
William Simpson, Jr.
Of Counsel

312 West Franklin Street
Chapel Hill, North Carolina 27516
Telephone: (919) 933-5300
Facsimile: (919) 967-4953

May 16, 2001

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

CT Corporation System
225 Hillsborough Street
Raleigh, NC 27603

> RE: Lisa Lea and Lisa Saddler vs. Waffle House, Inc., Waffle House Holding Company, Inc. and Hillcrest Foods, Inc.
> Case No.: 01CVS9432

Dear Sir or Madam:

As registered agent for Hillcrest Foods, Inc. and pursuant to Rule 4(j)(6), enclosed you will find a copy of the Complaint along with a Civil Summons in the above-referenced matter recently filed by the Plaintiff against Hillcrest Foods, Inc. If I need to provide any further information at this time, please advise.

Sincerely yours,

James E. Ferguson, II

JEF, II/ph
Enclosures

# STATE OF NORTH CAROLINA

Mecklenburg County

File No. 01CVS 9432

In The General Court Of Justice
☐ District ☒ Superior Court Division

Name Of Plaintiff
Lisa Lea, Lisa Saddler

Address
267 Hall Avenue

City, State, Zip
Concord, N.C. 28027

VERSUS

Name Of Defendant(s)
Waffle House, Inc., Waffle House Holding Company, Inc., Hillcrest Foods, Inc.

## CIVIL SUMMONS

G.S. 1A-1, Rules 3, 4

☐ Alias and Pluries Summons

Date Last Summons Issued

To Each Of The Defendant(s) Named Below:

Name And Address Of Defendant 1
CT Corporation System
Registered Agent for Hillcrest Foods, Inc.
225 Hillsborough Street
Raleigh, North Carolina 27603

Name And Address Of Defendant 2

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)
James E. Ferguson, II
741 Kenilworth Avenue, Suite 300
Charlotte, North Carolina 28204

Date Issued
Time ☐ AM ☐ PM
Signature
☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court

☐ ENDORSEMENT
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended thirty (30) days.

Date Of Endorsement
Time ☐ AM ☐ PM
Signature
☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court

NOTE TO PARTIES: Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100
Rev. 3/96
© 1997 Admin...

STATE OF NORTH CAROLINA        IN THE GENERAL COURT OF JUSTICE
                               SUPERIOR COURT DIVISION
COUNTY OF MECKLENBURG          0∮ CVS 94 37

LISA LEA and LISA SADDLER,     )
                               )
            Plaintiffs,        )       COMPLAINT
                               )    (Jury Trial Demanded)
        v.                     )
                               )
WAFFLE HOUSE, INC., WAFFLE     )
HOUSE HOLDING COMPANY, INC.,   )
HILLCREST FOODS, INC.          )

## INTRODUCTION

1. Plaintiffs, Lisa Lea and Lisa Saddler, were denied service because of their race at the Waffle House Restaurant on Sugar Creek Road in Charlotte, North Carolina. At the time, they were the only two African-Americans in the Waffle House. Ms. Lea and Ms. Saddler waited for more than thirty minutes while several white customers who came into the restaurant after they arrived were served. When Ms. Lea and Ms. Saddler complained that they were not being served, they were ordered by members of the wait staff and security personnel to leave the restaurant. Embarrassed, humiliated and permanently scarred, emotionally and psychologically, they left. They reported this racially degrading incident to the corporate defendants, but never even received the courtesy of a reply to their complaint.

2. In refusing to serve the plaintiffs, Lisa Lea and Lisa Saddler and ejecting them from the restaurant because of their race, defendants have: (1) denied plaintiffs the right to make and enforce contracts on the same basis as white citizens in violation of 42 U.S.C. §1981; (2) denied plaintiffs the full and equal enjoyment of the goods, services,

facilities, privileges, advantages and accommodations of the Waffle House Restaurant on the basis of race in violation of 42 U.S.C. §2000a; (3) committed an unfair or deceptive act or practice in violation of N.C.G.S.§75-1.1; and (4) violated rights protected by N.C.G.S.A. § 99D-1, by interfering with the plaintiffs' exercise or enjoyment of rights secured by the Constitution of the United States and/or North Carolina, or of rights secured by the laws of the United States and/or North Carolina in violation of N.C.G.S.A. & §9D-1.

3. Ms. Lea and Ms. Saddler bring this lawsuit seeking compensatory, treble and punitive damages and an injunction directing defendants to decease from and remedy their unlawful acts in violation of the rights of plaintiffs and others.

## PARTIES

4. Plaintiff Lisa Lea is an African-American woman who resides in Concord, Cabarrus County, North Carolina.

5. Plaintiff Lisa Saddler is an African-American woman who resides in Portsmouth, Virginia.

6. Defendant Hillcrest Foods, Inc. is a Georgia corporation doing business in the State of North Carolina and, more particularly, doing business in Mecklenburg County, North Carolina. Hillcrest Foods, Inc. owns or operates approximately one hundred and twenty-five (125) Waffle House franchises, including the Waffle House located at 1352 Sugar Creek Road in Charlotte, North Carolina (the "Sugar Creek Waffle House"), which is the subject of this Complaint.

7. Defendant Waffle House, Inc. is a Georgia corporation doing business in the State of North Carolina.

2

8. Defendant Waffle House Holding Company, Inc. is a Georgia corporation doing business in the State of North Carolina.

9. At all times relevant to this complaint, Defendants Hillcrest Foods, Inc., Waffle House, Inc. and Waffle House Holding Company, Inc. (collectively, the "Corporate Defendants") maintained either actual or constructive control, oversight, and/or direction over the operation of the Sugar Creek Waffle House, including all policies and practices related to management, personnel, operations and customer service, including the discriminatory practices complained of herein. These defendants committed, authorized, sanctioned, ratified and approved the unlawful action and conduct described and complained of in this complaint.

## FACTS

10. The Sugar Creek Waffle House is a twenty-four hour sit-down restaurant. Food orders are taken by wait staff at the tables or at the counter, prepared in the open kitchen, and then delivered to the tables or the counter by the wait staff.

11. On May 17, 1998, at approximately 2:45 a.m., plaintiffs Lisa Lea and Lisa Saddler went to the Sugar Creek Waffle House for a late night meal.

12. They waited briefly outside the restaurant in a line with other patrons because all tables were occupied.

13. At approximately 2:50 a.m., Ms. Lea and Ms. Saddler entered the Sugar Creek Waffle House when two seats became available and seated themselves at the counter.

3

14. From the time that Ms. Lea and Ms. Saddler took their seats at the counter, they were deliberately ignored by the Sugar Creek Waffle House staff who neither spoke to nor made eye contact with them, except as set forth below.

15. Ms. Lea and Ms. Saddler reviewed the Waffle House menu that they found on the counter in front of them, waited for a waitress to take their orders and waited for someone to clear the dirty dishes that had been left on the counter in front of them.

16. The Sugar Creek Waffle House wait staff refused to take an order or even speak to Ms. Lea and/or Ms. Saddler, even though from time to time members of the wait staff stood behind the counter directly in front of Ms. Lea and Ms. Saddler emptying glasses and refilling salt and pepper shakers and performing similar tasks.

17. As Ms. Lea and Ms. Saddler were waiting for service, the Sugar Creek Waffle House wait staff took orders from and served meals to several white patrons who had entered the restaurant after Ms. Lea and Ms. Saddler.

18. After waiting for service for approximately twenty minutes, Ms. Lea and Ms. Saddler asked one waitress for service. That waitress did not wait on them, but told them that they would have to wait their turn. They continued to wait.

19. At approximately 3:20 a.m., thirty minutes after Ms. Lea and Ms. Saddler had seated themselves at the counter, Ms. Saddler informed a second waitress that they had not been served. This second waitress told Ms. Lea and Ms. Saddler to wait their turn. Ms. Lea then informed the second waitress that she and Ms. Saddler already had waited patiently for thirty minutes. The waitress then told the two women to go somewhere else for their food. When Ms. Lea told the waitress that they preferred to eat

4

in the Sugar Creek Waffle House, the waitress said that she would not serve Ms. Lea and Ms. Saddler because of their "attitude."

20. The second waitress then summoned C.G. Miller, a police officer working as a security person for Waffle House, who was standing outside the Sugar Creek Waffle House and directed him to eject Ms. Lea and Ms. Saddler from the restaurant.

21. Officer Miller entered the Sugar Creek Waffle House, approached Ms. Lea and Ms. Saddler and, without asking for any information from them, told the two women that they would have to leave the restaurant. When Ms. Lea and Ms. Saddler protested and told Officer Miller that they had done nothing to merit their ejection from the restaurant, Officer Miller told them that he was acting pursuant to management policy in requiring them to leave.

22. While Officer Miller was speaking to Ms. Lea, Ms. Saddler and the waitress, two other waitresses approached.

23. Ms. Lea and Ms. Saddler asked all three waitresses for their names, but the waitresses refused to answer. A white cook standing nearby told the two women that he was the manager and his name was David Collins and that was 'all they needed to know.'

24. Officer Miller, once again, demanded that Ms. Lea and Ms. Saddler leave the restaurant. They left.

25. During the time that they sought service, up until they were ejected, Ms. Lea and Ms. Saddler were the only African-American patrons in the restaurant. The wait staff was all white, although one member of the cooking staff was African-American.

26. Ms. Lea and Ms. Saddler complained to several persons, including the regional manager at defendant Hillcrest Foods, Inc. about their treatment at the Sugar

5

Creek Waffle House. However, to Ms. Lea and Ms. Saddler's knowledge, none of the Corporate Defendants has taken any action to correct or discipline any member of the Sugar Creek Waffle House staff.

27. The Sugar Creek Waffle House staff refused to serve Ms. Lea and Ms. Saddler and required them to leave the restaurant because of their race.

28. At all times relevant to this Complaint, the Sugar Creek Waffle House wait staff, cooking staff and Officer Miller were acting within the scope of their employment as employees, agents and/or representatives of the Corporate Defendants and in furtherance of the Corporate Defendants' business. The Sugar Creek Waffle House wait staff, cooking staff, and Officer Miller were acting with the consent, encouragement, knowledge and/or ratification of the individual who was acting in the capacity of manager of the Sugar Creek Waffle House on May 17, 1998. Accordingly, the Corporate Defendants are vicariously liable for all of the discriminatory practices alleged herein.

29. The Corporate Defendants, acting through their employees, agents and/or representatives, refused to serve, or otherwise denied Ms. Lea and Ms. Saddler food because of their race. Defendants' actions on May 17, 1998, were undertaken with racially discriminatory animus for the purpose of denying Ms. Lea and Ms. Saddler equal treatment on the basis of race.

30. At all times relevant to the Complaint, the relationship between: (1) Waffle House, Inc. and Hillcrest Foods, Inc., (2) Waffle House Holding Company, Inc. and Hillcrest Foods, Inc., and (3) Waffle House Holding Company, Inc. and Waffle House, Inc. was that of principal to agent.

6

MAY 25 '21 07:34AM HILLCREST FOODS INC

31. Defendants Waffle House, Inc. and/or Waffle House Holding Company, Inc. are liable for the discriminatory practices described above, because these practices were carried out: (a) under the authority, control and/or supervision of defendants Waffle House, Inc. and/or Waffle House Holding Company, Inc; (b) with the consent, encouragement, knowledge, and/or ratification of defendants Waffle House, Inc. and/or Waffle House Holding Company, Inc.; and/or (c) within the scope of the agency relationship between Hillcrest Foods, Inc. and defendants Waffle House, Inc. and/or Waffle House Holding Company, Inc. and in furtherance of the business of defendants Waffle House, Inc. and/or Waffle House Holding Company, Inc.

32. The conduct complained of by the Corporate Defendants and their employees, agents and/or representatives as described above: (a) denied Ms. Lea and Ms. Saddler the right to make and enforce contracts on the same basis as whites; (b) violated Ms. Lea and Ms. Saddler's right to the full and equal enjoyment of the public accommodations owned and operated by the Corporate Defendants; and (c) constituted unfair or deceptive trade acts or practices.

33. Through the actions of their employees, agents and/or representatives described above, the Corporate Defendants acted willfully, maliciously, wantonly, and with reckless disregard for Ms. Lea and Ms. Saddler's federal and state rights.

34. None of the Corporate Defendants has engaged in good faith efforts to comply with 42 U.S.C. §1981. In fact, the corporate Defendants have received numerous complaints and have been the subject of several lawsuits regarding civil rights violations at their restaurants but have done nothing to remedy the problems brought to their

Case 3:01-cv-00345-GCM   Document 1   Filed 06/21/01   Page 14 of 18

attention. They have approved of and acquiesced in numerous violations of the rights of African-Americans.

35. As a proximate result of the actions of the Corporate Defendants described above, Ms. Lea and Ms. Saddler have suffered, continue to suffer, and will in the future suffer great and irreparable loss and injury including, but not limited to, economic loss, humiliation, embarrassment, emotional distress, mental anguish, and a deprivation of rights to make and enforce contracts on the same basis as whites.

## COUNT 1

### 42 U.S.C. §1981

36. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 35, as if set forth fully herein.

37. By the actions described above, defendants have denied plaintiffs the same right to make and enforce contracts as is enjoyed by white citizens of the United States, in violation of 42 U.S.C. §1981.

## COUNT 2

### 42 U.S.C. §2000a

38. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 37, as if set forth fully herein.

39. The Sugar Creek Waffle House, owned and operated by the Corporate Defendants, is a place of public accommodation within the meaning of 42 U.S.C. §2000a(b)(2).

8

40. The operations of Sugar Creek Waffle House, owned and operated by the Corporate Defendants, "affect commerce" within the meaning of 42 U.S.C. §2000a.

41. By the actions described above, the defendants have denied Ms. Lea and Ms. Saddler the full and equal enjoyment of their goods, services, facilities, privileges, advantages, and accommodations on the basis of race, in violation of 42 U.S.C. §2000a.

## COUNT III

### N.C.G.S.A. § 75-1.1

42. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 41, as if set forth fully herein.

43. The operations of Sugar Creek Waffle House, owned and operated by the Corporate Defendants, are "in or affect commerce" within the meaning of N.C.G.S. § 75-1.1

44. The actions described above constitute unfair or deceptive trade practices in violation of N.C.G.S. §75-1.1.

## COUNT IV

### N.C.G.S.A.§99D-1

45. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 44, as if set forth fully herein.

46. Motivated by race, defendants conspired to interfere with plaintiffs' exercise or enjoyment of rights secured by the Constitution of the United States and/or North Carolina, or of rights secured by the laws of the United States and/or North Carolina.

9

Case 3:01-cv-00345-GCM   Document 1   Filed 06/21/01   Page 16 of 18

47. Defendants engaged in this conspiracy through the use of force or repeated harassment.

48. By the acts described above, defendants interfered with plaintiffs' exercise or enjoyment of rights secured by the Constitution of the United States and/or North Carolina, or or of rights secured by the laws of the United States and/or North Carolina.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court grant them relief against the Defendants, jointly and severally, as follows:

(a) enter a declaratory judgment finding that the actions of defendants alleged in this Complaint violated 42 U.S.C. § 1981 and 2000a and N.C.G.S. §§ 75-1.1 and 99D-1;

(b) enter a permanent injunction barring defendants from continuing to engage in the illegally discriminatory conduct alleged in this Complaint;

(c) enter a permanent injunction directing that defendants take all affirmative steps necessary to remedy the effects of the illegally discriminatory conduct alleged in this Complaint and to prevent repeated occurrences in the future;

(d) award each plaintiff compensatory damages in an amount in excess of ten thousand dollars ($10,000.00) to compensate plaintiffs for the economic loss, humiliation, embarrassment, emotional distress, and mental anguish caused by defendants' violation of the law alleged in this complaint;

(e) in accordance with N.C.G.S.A. § 75-1.1, treble the amount of compensatory damages awarded pursuant to paragraph (e) of this Prayer for Relief;

(f) award punitive damages in an amount in excess of ten thousand dollars ($10,000.00) to punish defendants for the willful, wanton and reckless misconduct alleged in this complaint and to effectively deter defendants and others from future discriminatory behavior;

(f) award plaintiffs their reasonable attorneys' fees and costs; and

(g) order all other relief deemed equitable and just by the Court.

### JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable as of right.

This 14th day of May, 2001.

Respectfully submitted,

*James Ferguson, II, N.C. Bar #1434*
Sharon S. Dove, N.C. Bar #29569
FERGUSON, STEIN, WALLAS, ADKINS,
  GRESHAM & SUMTER, P.A.
741 Kenilworth Avenue
Suite 300 Park Plaza Building
Charlotte, NC 28204
Telephone: (704) 375-8461

ATTORNEYS FOR PLAINTIFFS